Ali Asghar NAZI; et al., Petitioners,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–70633.

Agency Nos. A75–535–836, A76–715–598.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 6, 2004.

Decided Nov. 3, 2004.

Kaveh Ardalan, Fullerton, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Margaret Perry, Esq., Arthur L. Rabin, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before B. FLETCHER, HANSEN, and RAWLINSON, Circuit Judges.

## MEMORANDUM *

Ali Asghar Nazi (Nazi) and his daughter Asal Nazi, natives and citizens of Iran, petition for review of the Board of Immi-

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This disposition is not appropriate for publica-

gration Appeals' summary affirmance without opinion of an Immigration Judge's (IJ) denial of their applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT) on the basis of an adverse credibility determination. We review the IJ's adverse credibility determination for substantial evidence. *Monjaraz–Munoz v. I.N.S.*, 327 F.3d 892, 895 (9th Cir.2003). We may reverse only if a contrary finding is compelled. *I.N.S. v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

The IJ's adverse credibility determination was supported by substantial evidence. The IJ based his determination on the discrepancy in petitioner's recollection of the number of times he was arrested, and the military promotions awarded to petitioner despite his claim that he was considered a traitor. On this record, we cannot say that a fact finder would be *compelled* to credit petitioner's testimony. Accordingly, Nazi failed to establish eligibility for asylum and withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003). Substantial evidence also supports the IJ's conclusion that Nazi is not entitled to relief under the CAT because he did not demonstrate that it is more likely than not he would be tortured if returned to Iran. *See Malhi v. I.N.S.*, 336 F.3d 989, 993 (9th Cir.2003).

The mandate shall be held in abeyance pending resolution of petitioner's motion to reopen.

PETITION DENIED; MANDATE WITHHELD.